**Andrew A. ARNOLD, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Andrew A. Arnold, Petitioner,**

v.

**Eric H. Holder Jr., Attorney General, Respondent.**

**Nos. 05–77289, 06–75139.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2009.

Filed June 4, 2009.

Andrew A. Arnold, Los Angeles, CA, pro se.

Richard Stever Ballinger, Counsel, Morrison & Foerster LLP, Palo Alto, CA, Michael Chilleen, Esquire, Greenberg Traurig LLP, Steven E. Comer, Esquire, Morrison & Foerster LLP, Irvine, CA, Kari Elisabeth Hong, Law Offices of Kari E. Hong, Portland, OR, for Petitioner.

Brianne Whelan Cohen, Richard M. Evans, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Ronald E. Lefevre, Office of the District Counsel

Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, and D.W. NELSON, Circuit Judges, and MARSHALL,* District Judge.

MEMORANDUM **

Petitioner Andrew Arnold petitions for review of (1) the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") determination that Petitioner is an aggravated felon (the "November 30, 2005, 2005 WL 3802203, Decision"), and (2) the BIA's sua sponte order reopening his case to vacate the aggravated felon determination but denying him the opportunity to seek cancellation of removal (the "September 22, 2006, 2006 WL 3088887, Decision").

We review the BIA's decision to deny a motion to reopen "for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir.2005) (citation omitted). The question whether the denial was contrary to law is reviewed de novo. *See De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004).

The BIA erred in its September 22, 2006, Decision. Petitioner has a statutory right to due process in removal proceedings, including a reasonable opportunity "to present evidence on the alien's own behalf." 8 U.S.C. § 1229a(b)(4)(B). Petitioner, however, was never given the opportunity to present evidence as to his eligibility for cancellation of removal. Instead, the IJ told him that his hearing would proceed only on the aggravated felon determination, and that the IJ would not allow any evidence relating to cancellation unless Petitioner prevailed on that determination. Because the IJ determined Petitioner *was* an aggravated felon, the IJ did not allow Petitioner to present evidence relating to cancellation.

. Once the BIA sua sponte reopened Petitioner's case to vacate the aggravated felon determination, the BIA was required to remand because Petitioner never had an opportunity to present evidence relating to cancellation, and thus, "further proceedings [we]re necessary." *See* 8 C.F.R. § 1003.2(i). Accordingly, we grant the petition and remand to the BIA for a hearing on Petitioner's eligibility for cancellation of removal.

Because we remand to the BIA for consideration of Petitioner's eligibility for cancellation of removal, we do not reach the merits of Petitioner's claim that the BIA erred in its November 30, 2005, Decision.

PETITION GRANTED and REMANDED.

---

* The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.